UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


| United States of America, | Case No. 3:17-cv-1589 |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Bonaventure C. Okoro, et al., | |
| Defendants. | |

## I. INTRODUCTION & BACKGROUND

On July 28, 2017, Plaintiff filed this action to reduce federal tax liabilities to judgment "against defendants Bonaventure Okoro and Philomena Okoro for the taxes, penalties and interest, for the tax periods identified above in paragraph 6, in the total amount of $515,510.72, plus statutory additions from March 20, 2017, including interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c)." (Doc. No. 1). Despite many attempts, the parties have been unable to settle this matter. As such, the Government's motion for summary judgment is currently before me. (Doc. No. 27). The Okoros filed a memorandum in opposition to summary judgment, (Doc. No. 28), and the Government replied, (Doc. No. 29). Subsequently, the Okoros moved for leave to file a surreply. (Doc. No. 31). The Government opposes the Okoros' motion. (Doc. No. 32).

## II. STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare*

*Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### III. DISCUSSION

First at issue is whether this action was filed within the statute of limitations for all tax years within which the Government seeks to collect. The Okoros argue that an alleged "error in the calculation of the tax liability allegedly owed by Okoros also calls into question the expiration of the statute of limitations for the 2003 tax year." (Doc. No. 28 at 6). The Okoros offer nothing in the way of evidence or their own alternate calculations to support this theory. But, because the Government failed to cite the applicable sections of the Internal Revenue Code until its reply, which would have explained its calculation of the tolling period to the Okoros, I will clarify those calculations now.

The Internal Revenue Code provides that, "Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected … by a proceeding in court, but only if … the proceeding [is] begun… within 10 years after the assessment of the tax." 26 U.S.C. § 6502 (a)(1). But certain events may toll the period of limitations. Relevant to this case is the Code's requirement that the period of limitations be suspended: (1) "during the period that an offer-in-compromise … is pending with the Secretary," 26 U.S.C. § 6331(k)(1)(A); (2) "during the period that an offer … for an installment agreement … is pending with the Secretary," 26 U.S.C. § 6331(k)(2)(A); and (3) "if [an installment] agreement is terminated by the Secretary, during the 30 days thereafter," 26 U.S.C. § 6331(k)(2)(D). *See* 26 U.S.C.

2

§ 6331(k)(3)(B) (providing that 26 U.S.C. § 6331(i)(5) shall apply to these sections of 26 U.S.C. § 6331(k)).

After reviewing the record, I agree with the Government that the following five events[1] suspend the period of limitations for the 2003 tax year in question:

(1) An offer-in compromise pending from the time it was made on March 16, 2006, until the time it was rejected on September 25, 2006, suspended the period of limitations for 193 days. (Doc. No. 27-3 at 4).

(2) An offer for an installment agreement pending from February 15, 2007, until it was accepted on March 19, 2007, suspended the period of limitations for 32 days. (*Id.* at 5).

(3) The active installment agreement was "reversed" or terminated on March 9, 2009, suspending the period of limitations for 30 days since there was no apparent appeal of this termination. (*Id.* at 5).

(4) An offer for an installment agreement pending from January 9, 2013, until it was accepted on July 25, 2014, suspended the period of limitations for 562 days. (*Id.* at 6).

(5) The active installment agreement was "reversed" or terminated on January 18, 2016, suspending the period of limitations for 30 days since there was no apparent appeal of this termination. (*Id.* at 8).

In total, the period of limitations for the 2003 tax year was suspended at least 847 days. Therefore, while the ten-year statute of limitations originally would have run on April 4, 2015, (Doc. No. 27-3 at 3), due to tolling, it did not run until July 29, 2017. Because the Government filed the Complaint on July 28, 2017, the 2003 tax year claims are not barred by the statute of limitations.

---

[1] The Government does not cite a sixth event: the termination of an active installment agreement on April 6, 2012, which would suspend the period of limitations for another 30 days. (Doc. No. 27-3 at 6).

Finding the Government's suit for the years 2003-2011 timely, I turn now to the Okoros' challenge to the amount of taxes, interest, and penalties Plaintiff seeks to collect. The Okoros do not dispute the $319,375.81 owed in unpaid assessed taxes, as evidenced by the balances printed on the 2003-2011 Certificates of Assessments. (Doc. No. 27-3 at 9; Doc. No. 27-4 at 8; Doc. No. 27-5 at 8; Doc. No. 27-6 at 7; Doc. No. 27-7 at 9; Doc. No. 27-8 at 7; Doc. No. 27-9 at 8; Doc. No. 27-10 at 8; Doc. No. 27-11 at 7). Instead, the Okoros question the additional $261,571.43 the Government seeks to collect for accrued interest and penalties. The Okoros contend the Government is not entitled to summary judgment because it has not submitted evidence of the accrued interest and penalties. But this argument is without merit.

It is true that the Government does possess the initial burden of offering "'a minimal evidentiary foundation'" to be "awarded an initial presumption of correctness for its assessment." *United States v. Hammon*, 277 F. App'x 560, 563 (6th Cir. 2008) (quoting *United States v. Walton*, 909 F.2d 915, 919 (6th Cir. 1990)). But the Government possesses this burden only with respect to the unpaid assessed taxes for which the taxpayer is liable, not the statutory interest and penalties that have accrued on those unpaid assessed taxes. *Hammon*, 277 F. App'x at 569. This is so "[b]ecause the amount of interest is a matter of law, not of evidence[.]" *Id.* (citing *United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007) ("Although establishing the amount of *tax* liability is a matter of evidence, the amount of *interest* accrued on such tax liability is a matter of law.")).

Here, the Okoros do not dispute that the Government met its evidentiary burden with respect to the Certificates of Assessments, showing the Okoros owe $319,375.81 in unpaid assessed taxes. Therefore, as a matter of law, the Government may collect on these taxes the statutory interest "for the period from … last date [prescribed for payment] to the date paid," 26 U.S.C. § 6601(a), without showing evidence of the amount of these statutory late-payment obligations. *Hammon*, 277 F. App'x at 569.

In sum, I conclude the Government timely filed this action to collect the undisputed unpaid assessed taxes in the amount of $319,375.81 for the 2003-2011 tax years. Accordingly, I award judgment as a matter of law in the Government's favor for $319,375.81 plus statutory additions and interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c). *See, e.g. United States v. Grable*, No. 1:00-CV-885, 2019 WL 6974732 (W.D. Mich. Dec. 20, 2019). In turn, because the arguments presented in the Okoros' motion for leave to file a surreply are not founded upon law but speculation and theory, I hereby deny the motion.

## IV.　CONCLUSION

For the foregoing reasons, I grant the Government's motion for summary judgment and award the Government $319,375.81 in unpaid assessed taxes plus statutory additions and interest on those taxes pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c). (Doc. No. 27). I also deny the Okoros' motion for leave to file a surreply. (Doc. No. 31).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge